### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 1341 (Mail Fraud)** |
| **CLEOPHAT TANIS,** | : | |
| | : | **FORFEITURE: 18 U.S.C. § 981(a)(1)(C),** |
| **Defendant.** | : | **28 U.S.C. § 2461(c)** |

### INFORMATION

The United States charges that:

### BACKGROUND

At times material to this Information:

### Introduction

1.      The District of Columbia's Department of Disability Services, Rehabilitation Services Administration ("DCRSA") Vocational Rehabilitation program provided vocational rehabilitation benefits ("VR benefits" or "benefits") to qualified individuals with disabilities to help them prepare for and engage in gainful employment. Such benefits included funding a qualified individual's post-secondary educational expenses, including tuition and books.

2.      Generally, VR benefits were administered as follows. First, an individual applied for benefits with the DCRSA. Second, a Vocational Rehabilitation Counselor processed the application and rendered a determination regarding whether the person was eligible for VR benefits. Third, a purchase authorization was transmitted to the post-secondary educational institution detailing what benefits the beneficiary was authorized to receive. Fourth, the post-secondary educational institution sent an invoice to the DCRSA requesting payment for any authorized benefits, such as tuition. Fifth, the Vocational Rehabilitation Counselor assigned to the individual receiving VR benefits communicated with the DCRSA's Office of Financial

1

Management Support informing the office whether it had permission to pay the invoice. Sixth, payments were sent to the post-secondary educational institution.

3.   For an individual to be eligible to receive VR benefits from the DCRSA:

    a.   a qualified medical professional must have determined that the individual had a physical or mental impairment that constituted or resulted in a substantial impediment to employment;

    b.   a DCRSA Vocational Rehabilitation Counselor must have determined that the individual required VR benefits to prepare for, secure, retain, or regain employment; and

    c.   the individual must have lived in the District of Columbia.

**The Defendants**

4.   CLEOPHAT TANIS ("DEFENDANT TANIS") resided in Florida and operated a nursing school in Naples, Florida ("the Florida Nursing School").

5.   EUGENIA RAPP ("DEFENDANT RAPP") resided in Virginia and was employed as a Vocational Rehabilitation Counselor with the DCRSA.

**Relevant Individual**

6.   Person B worked at the Florida Nursing School.

**COUNT ONE**
**(Mail Fraud)**

7.   Paragraphs 1 through 6 are incorporated here.

**The Scheme to Defraud**

8.   Beginning in or about November 2014 through in or about February 2016, in the District of Columbia and elsewhere, DEFENDANT TANIS and DEFENDANT RAPP knowingly devised, intended to devise, and participated in a scheme and artifice to defraud and to obtain

money and property from the District of Columbia by means of materially false and fraudulent pretenses, representations, and promises, in connection with the awarding of VR benefits to students at the Florida Nursing School who were not eligible to receive the benefits.

### The Purpose of the Scheme

9.      It was a purpose of the scheme to defraud that DEFENDANT TANIS would unlawfully enrich the Florida Nursing School by having DEFEDNANT RAPP fraudulently process and award VR benefits to Florida Nursing School students who were not eligible for the benefits because they were not residents of the District of Columbia.

### Manner and Means of the Scheme

10.      It was a part of the scheme to defraud that DEFENDANT TANIS instructed Person B to send DEFENDANT RAPP the personal identity information of certain Florida Nursing School students.

11.      It was a further part of the scheme to defraud that DEFENDANT RAPP used this personal identity information and fraudulent D.C. addresses to apply for VR benefits on behalf of Florida Nursing Students who were not eligible for the benefits.

12.      It was a further part of the scheme to defraud that DEFENDANT RAPP authorized VR benefits to be paid from the District of Columbia government to the Florida Nursing School.

### The Execution of the Scheme

13.      On or about March 27, 2015, in the District of Columbia and elsewhere, DEFENDANT TANIS and DEFENDANT RAPP, for the purpose of executing and attempting to execute the above-described scheme and artifice, knowingly caused to be deposited a $9,100 check from the District of Columbia to be sent and delivered by the U.S. Postal Service to the Florida Nursing School.

**(Mail Fraud, in violation of Title 18, United States Code, Section 1341)**

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One, DEFENDANT TANIS shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will seek a forfeiture money judgement in the amount of at least $47,895.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of DEFENDANT TANIS:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property that cannot be divided without difficulty;

DEFENDANT TANIS shall forfeit to the United States any other property of DEFENDANT TANIS, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 853(p))

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

By:     _____

KONDI J. KLEINMAN,
California Bar No. 241277
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6887
Kondi.Kleinman2@usdoj.gov